STEVEN G. KALAR
Federal Public Defender
19th Floor Federal Building - Box 36106
450 GOLDEN GATE AVENUE
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Steven_Kalar@fd.org

Counsel for Defendant Feng

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00378-001 MMC |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | **Court**: Courtroom 7, 19th Floor |
| YAN FENG, | **Hearing Date:** November 30, 2016 |
| DEFENDANT. | **Hearing Time:** 2:15 PM |

## INTRODUCTION

A mentally ill man, tortured by voices in his head, lit a door on fire. There is no question that he is competent to have entered a plea to the general intent crime to which he plead guilty -- mental illness is not a defense to general intent federal crimes. His criminal culpability, however, must be viewed in the context of his impairments. Balancing the seriousness of the offense against the unique characteristics of this offender, the appropriate sentence is a term near the high-end of the guideline range: 28 months.

**DISCUSSION**

"The defendant has a possible undiagnosed mental health condition that led to the voices in his head, which resulted in the commission of the crime." *PSR* pg. 12 at 68. That is partially correct. As correctly reported by the government, Dr. Scott Lines diagnosed Mr. Feng with a psychotic disorder, most likely a "schizophrenia spectrum disorder." *See Gov't Status Report filed Sept. 28, 2016* at 2:7. The Bureau of Prisons agreed, concluding that Mr. Feng was suffering from a mental disease. *Id.* at 3:5; *see also Appendix A, BOP report at* 9: "Diagnosis."

Notably, however, the BOP opined that Mr. Feng presented no substantial risk of bodily injury to another person or serious damage to property to another. *Id., Status Report.* at 3:5-8.

The assumption by the Chinese Consulate, the press, and perhaps the U.S. government at the outset of the case was that this episode was a politically-motivated protest by a Chinese national. In reality, this was the sad attempt by a tortured man to deal with untreated mental illness. Mr. Feng had struggled to deal with the voices that had berated him for some time. Mr. Feng reported to undersigned counsel that he had, in fact, called the Consulate before the event to attempt to seek help in the "surveillance" he was suffering. In many respects, this offense is best characterized as an extraordinarily misguided attempt to get help.

Notably, and importantly, Mr. Feng has repeatedly, clearly, and emphatically accepted responsibility for his crime. Indeed, as reported in the PSR, the case was in fact "broke" when Mr. Feng himself called the Daly City Police Department and candidly admitted to setting the fire. *PSR* at ¶¶ 7-8. After issues regarding competency were resolved in the magistrate court, Mr. Feng entered a guilty plea at his very first appearance before this Court. *See Docket* Entry #4.

Neither the government nor the defense underestimate the impact of this offense on the victim, the Chinese consulate. However, both parties and the Office of Probation agree that the appropriate custodial sentence is an in-guideline custodial term.

The defense departs from Probation in the proposed recommendation. The appropriate custodial term is 28 months. That term is towards the high end of the 24 to 30 month guideline

range. It is, however, sufficient to meet the goals of the Sentencing Reform Act. An additional two months of incarceration is unnecessary to punish a man with no real criminal history, who has completely and fully admitted responsibility for his crime, and who faces the very real danger of additional and serious collateral consequences from this offense. *See PSR* at 4 par. 11 ("As a result, there may be concerns for the defendant's safety should he return to China.")

Notably, Probation has specifically identified Mr. Feng's mental illness as a potential basis to vary *below* the advisory guideline range. *See PSR* at 12 ¶ 68. While the defense does not seek that variance, that factor is a compelling reason to impose a custodial term of 28 months, slightly below the maximum guideline range.

Finally, and most importantly, a custodial term of 28 months is sufficient to protect the community. The parties and Probation agree to conditions of supervised release that include substance abuse and mental health treatment. *See PSR Recommendation* at 1 and 2. Mr. Feng has also agreed to a stay-away provision from the Chinese Consulate, without the prior approval of the Office of Probation. *See id.* at 5. With this supervision and with proper mental health treatment, Mr. Feng will pose no danger to himself or to the community.

//
//
//
//
//
//
//
//
//
//
//

DEF. SENT. MEM.
*FENG*, CR 16-00378-001 MMC

1

**CONCLUSION**

2      For the foregoing reasons, this Court should impose a custodial term near the top of the

3   guideline range: twenty-eight months. The Court should also impose the conditions of supervised

4   release urged by the government and Probation, which will ensure that – if he is not deported –

5   Mr. Feng will receive needed mental health counselling.

6

7                                               Respectfully submitted,

8

        Dated: November 22, 2016              STEVEN G. KALAR
9                                             Federal Public Defender
                                              Northern District of California
10

11

12                                       _____/S/_____
                                              STEVEN G. KALAR
13                                            Federal Public Defender

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEF. SENT. MEM.
     *FENG*, CR  16-00378-001 MMC