# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Venue

FILED
JAN 30 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### Petition for Arrest Warrant for Offender Under Supervision

**Name of Offender**
Yan Feng

**Docket Number**
0971 3:16CR00378-001 MMC

**Name of Sentencing Judge:** The Honorable Maxine M. Chesney
Senior United States District Judge

**Date of Original Sentence:** November 30, 2016

**Original Offense**
Count One: Protection of Foreign Officials, 18 U.S.C. § 112(a), a Class C Felony

**Original Sentence:** Thirty-five (35) months imprisonment; Three (3) years supervised release
**Special Conditions:** special assessment $100; no firearms, ammunition, destructive devices, or any other dangerous weapons, DNA collection; treatment and testing for drug and alcohol abuse; mental health treatment; abstain from use of all alcoholic beverages; prohibited from having direct contact with the Chinese Consulate without prior approval from probation officer; no gambling and shall not frequent any establishment where gambling is conducted; search by United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion; comply with rules and regulations of the U.S. Immigration and Customs Enforcement

**Prior Form(s) 12:** On December 21, 2016, a Request for Modifying the Conditions or Term of Supervision with Consent of Offender was filed. Due to him not having a stable residence, Mr. Feng's special conditions of supervision were modified to include placement at a Residential Reentry Center for a period of up to six months.

**Type of Supervision**
Supervised Release
**Assistant U.S. Attorney**
Elise Becker

**Date Supervision Commenced**
December 16, 2016
**Defense Counsel**
Steve Gary Kalar (FPD)

**Petitioning the Court for the issuance of a no bail warrant for the offender's arrest.**

I, Amanda Gallegos, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or

NDC-SUPV-FORM 12C(1) 4/6/2015

14-mjj

RE:   Feng, Yan                                                                                                    2
       0971 3:16CR00378-001 MMC

documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the special condition that states he shall reside in a Residential Re-entry Center for a period up to six (6) months at the direction of the probation officer and shall observe the rules of that facility. |

> On January 11, 2017, the Residential Re-entry Center located at 111 Taylor Street in San Francisco advised the undersigned that Mr. Feng's referral was approved. On January 12 and 13, 2017, the undersigned attempted to make contact with Mr. Feng by telephone; however, an automated message indicated the voicemail box was not active and text messages sent received no response. On January 17, 2017, the undersigned received an electronic mail message from a representative of the Residential Re-entry Center located in San Francisco indicating that if Mr. Feng reports, a bed would still be available for him. Three subsequent attempts were made to no avail. Mr. Feng's current whereabouts are unknown.
>
> This is evidenced by the chronological record dated January 11, 12, 13, 17, and 19, 2017 maintained by the U.S. Probation Office.

| Charge Number | Violation |
|---|---|
| Two | There is probable cause to believe that the offender violated standard condition number three that indicates that the offender shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

> The last contact made with Mr. Feng by the undersigned was on December 27, 2016. Since then, the undersigned attempted to contact Mr. Feng on numerous occasions. On January 12, 2017, the undersigned called and sent a text message to Mr. Feng on his cell phone number, on which he was previously able to be contacted. On January 12, 2017, the undersigned could not leave a voicemail message. An automated voice recording indicated that the voicemail box had not been created. The undersigned then texted Mr. Feng's cell phone, instructing him to contact her immediately. The purpose of this communication was to inform the offender that his public law placement had been approved. The undersigned attempted to call the offender on his cell phone on January 13, 2017 and January 17, 2017.

RE: Feng, Yan 3
0971 3:16CR00378-001 MMC

Again, an automated recording was received indicating that the voicemail box had not been created. The undersigned sent a text message to Mr. Feng on his cell phone on January 17, 2017 and January 19, 2017, instructing him to contact her immediately. A message receipt indicated that the text sent to Mr. Feng on January 17, 2017 was read on the same day. Mr. Feng has not responded to any of the probation officer's attempts to communicate after December 27, 2016. Due to his lack of response and homelessness, Mr. Feng's current whereabouts are unknown.

This is evidenced by chronological records dated December 27, 2016, January 12, 13, 17, and 19, 2017 maintained by the U.S. Probation Office.

Based on the foregoing, there is probable cause to believe that Yan Feng violated the conditions of his Supervised Release. Therefore, I ask the Court to issue a no bail warrant for his arrest.

Respectfully submitted,

Reviewed by:

Amanda Gallegos
U.S. Probation Officer
Date Signed: January 27, 2017

Aaron Tam
Supervisory U.S. Probation Officer

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

[✓] The issuance of a no bail warrant AND ORDER THAT THIS FORM BE FILED UNDER SEAL, AND NO PUBLIC RECORD OF WARRANT ISSUANCE BE MADE, UNTIL EXECUTED WARRANT IS RETURNED FROM THE U.S. MARSHAL. THE FORM 12 WILL BE AUTOMATICALLY UNSEALED AND BE PART OF THE PUBLIC RECORD UPON ITS EXECUTION.

[ ] Other:

1/30/17
Date

Maxine M. Chesney
Senior United States District Judge

NDC-SUPV-FORM 12C(2)   4/6/2015

RE: Feng, Yan 4
0971 3:16CR00378-001 MMC

## APPENDIX

Grade of Violations: C, USSG §7B1.1(a)(3), p.s.

Criminal History at time of sentencing: I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Two years | 3-9 months |
|  | 18 U.S.C. § 3583(e)(3) | USSG §7B1.4(a), p.s. |
| **Supervised Release:** | Three years less any term of imprisonment imposed upon revocation | Three years less any term of imprisonment imposed upon revocation |
|  | 18 U.S.C. § 3583(h) | USSG §7B1.3(g)(2), p.s. |
| **Probation:** | Not applicable | Not applicable |